UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 18, 2017

LETTER TO COUNSEL

      RE:   *Ranada Antoinette Smith v. Commissioner, Social Security Administration*;
                Civil No. SAG-16-2538

Dear Counsel:

    On July 11, 2016, Plaintiff Ranada Antoinette Smith petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Smith's reply. (ECF Nos. 22, 24, 25). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    Ms. Smith filed a claim for Supplemental Security Income on April 18, 2012, alleging a disability onset date of July 20, 2010. (Tr. 162-68). Her claim was denied initially and on reconsideration. (Tr. 95-98, 99-100). A hearing was held on September 18, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 29-76). Following the hearing, the ALJ determined that Ms. Smith was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-27). The Appeals Council denied Ms. Smith's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

    The ALJ found that Ms. Smith suffered from the severe impairments of "left parietal arteriovenenous malformation ("AVM"); seizure disorder; migraine headaches; degeneriave disc disease of the cervical spine; and adjustment disorder." (Tr. 14). Despite these impairments, the ALJ determined that Ms. Smith retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she can frequently push and pull with her right upper extremity; frequently operate foot controls with her right foot; and occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, but never climb ladders, ropes and scaffolds. The claimant can also frequently; [sic] reach with her right upper extremity, reach overhead with her right upper extremity, and handle, finger and feel with her right upper extremity. She also needs to avoid concentrated exposure to extreme; [sic] heat

>    and cold, concentrated exposure to excessive vibration, and all exposure to hazardous moving machinery and unprotected heights. In addition, she can only perform simple, repetitive and routine tasks in a low stress work environment defined as no strict production quotas and occasional interaction with the public, coworkers and supervisors.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Smith could perform her past relevant work as a cleaner and, alternatively other jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 21-23).

Ms. Smith raises several issues on appeal.[1] First, she contends that the ALJ failed to provide an adequate evaluation of the Listings. Second, she argues that the ALJ's evaluation of her RFC was flawed. Finally, Ms. Smith contends that the ALJ lacked substantial evidence to conclude that she would be capable of substantial gainful employment. I concur that the ALJ's analysis is deficient. In remanding the case for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Smith is not entitled to benefits is correct or incorrect.

Turning first to the physical listings, the ALJ identified three: Listing 1.04 (Disorders of the spine); Listing 11.02 (Epilepsy – convulsive epilepsy); and Listing 11.03 (Epilepsy – nonconvulsive epilepsy. (Tr. 14). Without further analysis, the ALJ stated that he had "concluded that[] the objective evidence simply fails to indicate that the claimant has the level of functional loss required by the Listings." (Tr. 14-15). That conclusory statement does not include any "specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). That is, the ALJ did not apply any findings or medical evidence to the disability listing and "does not indicate *why* the [medical] opinions merit that weight." *Id.* (emphasis in original). Although, ultimately, the ALJ's conclusion may be correct, the opinion defies review because, as the Fourth Circuit explained, it is "not our province—nor the province of the district court—to engage in these [fact-finding] exercises in the first instance." *Radford*, 734 F.3d at 296; *see also Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that, without an explanation from the ALJ, "it is simply impossible to tell whether there was substantial evidence to support the determination"). Thus, although Ms. Smith has not expressly argued that she meets any of the physical listings referenced in the ALJ's decision, because the ALJ found ample evidence to identify three specific listings, he had to provide a fact-based analysis for this Court's review. Because he did not, remand is warranted.

Moreover, the ALJ's RFC analysis suffers from similar deficiencies. Ms. Smith's primary contention is that she is disabled by regular headaches. (Tr. 45, 51). The ALJ repeatedly referred to a single treatment note, from March 2, 2012, suggesting that Ms. Smith's

---

[1] Although Ms. Smith's brief expressly challenges the determination of the Appeals Council, it is evident that she intended to contest the ALJ's findings and conclusions.

seizures and headaches had "become better controlled on Depakote therapy" or "responded to Depakote." *See, e.g.*, (Tr. 17, 21, 320). However, the medical record clearly indicates that her response to Depakote was temporary and incomplete. *See, e.g.*, (Tr. 323) (note from September 21, 2012 stating, "Her main problem now is her headaches. For a while, they were better controlled when Depakote was added, but over the past summer they have gotten worse again."); (Tr. 324-25) (note from November 14, 2012 indicating, "Since she was last seen in March, she feels that her headaches have worsened. They occur 2-3 times per week, normally lasting only a few hours. Her current headache started two days ago and is a 10/10."); (Tr. 365) (note from February 7, 2013 reflecting, "She has been on Depakote since December 2011 for headache prophylaxis as well as seizures but the dose was recently increased to 1000mg bid d/t uncontrolled spells."). The ALJ does not address the medical evidence suggesting that Depakote did not resolve or control Ms. Smith's issues.

In addition, the ALJ made an adverse credibility determination without an appropriate analysis of both objective and non-objective evidence, and allowed that unsupported assessment to infect the assignment of weight to Ms. Smith's treating physician. *See* (Tr. 20) ("The undersigned notes that Dr. Patel's disability finding was based entirely on the claimant's reports of her seizures, rather than direct observation by an objective medical source or actual seizure activity."). Although the ALJ correctly notes that EEG and other objective tests did not reflect abnormalities, the medical professionals did not conclude that Ms. Smith did not experience seizures, but instead attributed her seizures to other causes that would not be shown on EEG. *See, e.g.*, (Tr. 324-25) ("It was thought that these were likely simple partial seizures as they correlated semiologically with her AVM."); (Tr. 366) ("EEG did not capture any events however, given her history, it is likely that these events are seizures although none were captured for a definitive diagnosis."). The ALJ does not cite to other significant evidence undermining Ms. Smith's testimony that her seizures and headaches are frequent and disabling. Finally, although the ALJ relies upon evidence that Ms. Smith "moved to her own place with her children in the Summer of 2013" and "moved to Richmond" in April 2014, (Tr. 17), he does not reference the evidence suggesting that, on both occasions, she quickly moved back in with her mother because she was unable to live independently. (Tr. 38-39, 50, 58-61). In light of those deficiencies, and the unwarranted reliance on the Depakote treatment addressed above, the ALJ's RFC assessment does not adequately consider whether Ms. Smith's seizures and headaches impact her ability to engage in substantial gainful employment.

Because the ALJ's hypothetical to the VE was premised on the RFC assessment, which may change on remand, I need not address whether the ALJ properly relied on the VE testimony to establish that Ms. Smith would be capable of work.

For the reasons set forth herein, Ms. Smith's Motion for Summary Judgment (ECF No. 22) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 24) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                       Sincerely yours,

                                       /s/

                                       Stephanie A. Gallagher
                                       United States Magistrate Judge